HARDY, Judge.
This suit was instituted by plaintiff on a promissory note of defendant in the principal sum of $3,000. A non-resident attachment against property of defendant was issued under which six motor buses were seized and sold by the Sheriff. Out of the proceeds of the sale plaintiff’s judgment was paid in full and the Sheriff retained in his hands a balance in the amount of $1,-448.51. Guaranty Bank & Trust Company of Alexandria, a judgment creditor to the extent of a principal sum of $2,000, filed a petition of intervention and third opposition in the instant suit, in which it alleged that the Sheriff of Rapides Parish was retaining in his hands the sum of $1,448.51 representing the total amount reflected by the fiiing of three tax liens by the United States of America, which liens were set forth in a chattel mortgage certificate issued by the Clerk of Court of Rapides Parish. Inter-venor prayed for the issuance of a rule to show cause directed against the Sheriff of *561 Rapides Parish and against the United States of America. After the hearing on the rule there was judgment making the same absolute and directing the sheriff to pay over to Guaranty Bank & Trust Company the amount of $1,448.51, together with any other funds remaining in his hands as the result of the sheriff’s sale of the property involved.
Pursuant to the filing of a petition for appeal by the United States of America the same was allowed and the Vernon Bank, the Guaranty Bank & Trust Company, Grady Kelly, Sheriff of the Parish of Rapides, and Murrell D. Barton, defendant, through duly appointed curator ad hoc, were cited.
In this court Guaranty Bank & Trust Company, intervenor, has filed a motion to dismiss the appeal taken by the United States of America.
No pleadings were filed by appellant, the United States of America, nor was any judgment rendered against it. The rule issued, in response to the prayer of the petition filed by Guaranty Bank & Trust Company as intervenor and third opponent, was tried contradictorily with the sheriff, and judgment followed said trial.
The only appearance in the instant suit by the United States of America, if such action can be denominated as an appearance, was the filing of the petition for a devolu-tive appeal.
The record is devoid of any demand asserted by the United States of America and there is no evidence of the character or nature of relief which it seeks.
The argument by counsel for the government in the instant case deals with the validity of its tax liens and the priority arising therefrom. This issue is not tendered by the appeal, and, in fact, no proper appeal is presented for determination.
It follows that the motion to dismiss the appeal should be sustained and it is so ordered.